LODGED

2013 OCT -7 PM 2:09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT
OCT -7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
(562) 923-0971

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* AKBAR ATTARY, M.D.,<br><br>Relator,<br><br>vs.<br><br>RICHARD CHUNG, an individual; CALIFORNIA WILSHIRE MEDICAL MANAGEMENT CO., INC., a California corporation; AKBAR ATTARY MEDICAL, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **CV.13-07410 -ABC (RZ)**<br><br>**MOTION TO FILE COMPLAINT *IN CAMERA* AND TO PLACE COMPLAINT UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**FILED UNDER SEAL**<br><br>Date: November 4, 2013<br>Time: 10:00 A.M.<br>Courtroom: 680 |

LA/238096-1 33096-001

1



2:13CV07410-S0001

MATTHEW L. KINLEY (Bar No. 144046)
E-Mail: mkinley@tldlaw.com
PAMELA K. TAHIM (Bar No. 239717)
E-Mail: ptahim@tldlaw.com
TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way, Suite 240
Long Beach, California 90806
Telephone: (562) 923-0971
Facsimile: (866) 831-7302

Attorneys for Relator Akbar Attary, M.D.


FILED
CLERK, U.S. DISTRICT COURT
OCT - 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* AKBAR ATTARY, M.D.<br><br>Relator,<br><br>vs.<br><br>RICHARD CHUNG, an individual; CALIFORNIA WILSHIRE MEDICAL MANAGEMENT CO., INC., a California corporation; AKBAR ATTARY MEDICAL, INC., a California corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Civil Action No. CV13-07410-AB (RZ)<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**DO NOT PLACE IN PRESS BOX**<br>**DO NOT ENTER ON PACER**<br><br>Date: November 4, 2013<br>Time: 10:00 AM<br>Courtroom: 680 |

**MOTION TO FILE COMPLAINT *IN CAMERA* AND TO PLACE COMPLAINT UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Proceeding in the name of the United States under the Civil False Claims Act, 31 U.S.C. §§ 3730 *et seq.*, Relator Akbar Attary hereby moves for an order filing the Complaint and all other papers in this matter *in camera* and placing the Complaint and those papers under seal pursuant to 31 U.S.C. § 3730(b)(2). In support of this motion, Relator attaches hereto as Exhibit "1" a copy of 31. U.S.C. § 3730(b)(2),

1 which provides that complaints in Civil False Claims Act cases "shall be filed *in camera*, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders."

2. Relator is prepared to file the Complaint with the Court for the Court's in camera review.

3. Relator will file the Complaint immediately upon order of the Court that the Complaint be sealed.

**WHEREFORE**, Relator respectfully requests this Court to grant his motion.

DATED: October 3, 2013

TREDWAY, LUMSDAINE & DOYLE LLP
MATTHEW L. KINLEY
PAMELA K. TAHIM

By: _____
PAMELA K. TAHIM
Attorneys for Plaintiffs

TREDWAY, LUMSDAINE & DOYLE LLP
3900 Kilroy Airport Way 240
Long Beach, California 90806
(562) 923-0971

# EXHIBIT "1"

and consistency and to eliminate unnecessary words. The words "officer or employee of the Government or a member of an armed force" are substituted for "officer in the civil, military, or naval service of the United States" for consistency in the revised title and with other titles of the Code. The words "upon or against the Government of the United States, or any department of the United States, or any department or officer thereof" are omitted as surplus. In clause (2), the word "knowingly" is substituted for "knowing the same to contain any fraudulent or fictitious statement or entry" to eliminate unnecessary words. The words "record or statement" are substituted for "bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition" for consistency in the revised title and with other titles of the Code. In clause (3), the words "conspires to" are substituted for "enters into any agreement, combination, or conspiracy" to eliminate unnecessary words. The words "of the United States, or any department or officer thereof" are omitted as surplus. In clause (4), the words "charge", "or other", and "to any other person having authority to receive the same" are omitted as surplus. In clause (5), the words "document certifying receipt" are substituted for "certificate, voucher, receipt, or other paper certifying the receipt" to eliminate unnecessary words. The words "arms, ammunition, provisions, clothing, or other", "to any other person", and "the truth of" are omitted as surplus. In clause (6), the words "arms, equipments, ammunition, clothes, military stores, or other" are omitted as surplus. The words "member of an armed force" are substituted for "soldier, officer, sailor, or other person called into or employed in the military or naval service" for consistency with title 10. The words "such soldier, sailor, officer, or other person" are omitted as surplus.

### REFERENCES IN TEXT

The Internal Revenue Code of 1986, referred to in subsec. (d), is classified generally to Title 26, Internal Revenue Code.

### AMENDMENTS

2009—Subsecs. (a), (b). Pub. L. 111–21, §4(a)(1), (2), added subsecs. (a) and (b) and struck out former subsecs. (a) and (b) which related to liability for certain acts and defined "knowing" and "knowingly", respectively.

Subsec. (c). Pub. L. 111–21, §4(a)(4), substituted "subsection (a)(2)" for "subparagraphs (A) through (C) of subsection (a)".

Pub. L. 111–21, §4(a)(2), (3), redesignated subsec. (d) as (c) and struck out heading and text of former subsec. (c). Prior to amendment, text read as follows: "For purposes of this section, 'claim' includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded."

Subsecs. (d), (e). Pub. L. 111–21, §4(a)(3), redesignated subsecs. (d) and (e) as (c) and (d), respectively.

1994—Subsec. (e). Pub. L. 103–272 substituted "1986" for "1954".

1986—Subsec. (a). Pub. L. 99–562, §2(1), designated existing provisions as subsec. (a), inserted subsec. heading, and substituted "Any person who" for "A person not a member of an armed force of the United States is liable to the United States Government for a civil penalty of $2,000, an amount equal to 2 times the amount of damages the Government sustains because of the act of that person, and costs of the civil action, if the person" in introductory provisions.

Subsec. (a)(1). Pub. L. 99–562, §2(2), substituted "United States Government or a member of the Armed Forces of the United States" for "Government or a member of an armed force".

Subsec. (a)(2). Pub. L. 99–562, §2(3), inserted "by the Government" after "approved".

Subsec. (a)(4). Pub. L. 99–562, §2(4), substituted "control of property" for "control of public property" and "by the Government" for "in an armed force".

Subsec. (a)(5). Pub. L. 99–562, §2(5), substituted "by the Government" for "in an armed force" and "true;" for "true; or".

Subsec. (a)(6). Pub. L. 99–562, §2(6), substituted "an officer or employee of the Government, or a member of the Armed Forces," for "a member of an armed force" and "property; or" for "property."

Subsec. (a)(7). Pub. L. 99–562, §2(7), added par. (7).

Subsecs. (b) to (e). Pub. L. 99–562, §2(7), added subsecs. (b) to (e).

### EFFECTIVE DATE OF 2009 AMENDMENT

Pub. L. 111–21, §4(f), May 20, 2009, 123 Stat. 1625, provided that: "The amendments made by this section [amending this section and sections 3730 to 3733 of this title] shall take effect on the date of enactment of this Act [May 20, 2009] and shall apply to conduct on or after the date of enactment, except that—

"(1) subparagraph (B) of section 3729(a)(1) of title 31, United States Code, as added by subsection (a)(1), shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act (31 U.S.C. 3729 et seq.) that are pending on or after that date; and

"(2) section 3731(b) [probably should be section 3731] of title 31, as amended by subsection (b); section 3733, of title 31, as amended by subsection (c); and section 3732 of title 31, as amended by subsection (e); shall apply to cases pending on the date of enactment."

### INCREASED PENALTIES FOR FALSE CLAIMS IN DEFENSE PROCUREMENT

Pub. L. 99–145, title IX, §931(b), Nov. 8, 1985, 99 Stat. 699, provided that: "Notwithstanding section 3729 of title 31, United States Code, the amount of the liability under that section in the case of a person who makes a false claim related to a contract with the Department of Defense shall be a civil penalty of $2,000, an amount equal to three times the amount of the damages the Government sustains because of the act of the person, and costs of the civil action."

[Section 931(c) of Pub. L. 99–145 provided that section 931(b) is applicable to claims made or presented on or after Nov. 8, 1985.]

### § 3730. Civil actions for false claims

(a) RESPONSIBILITIES OF THE ATTORNEY GENERAL.—The Attorney General diligently shall investigate a violation under section 3729. If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person.

(b) ACTIONS BY PRIVATE PERSONS.—(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after

it receives both the complaint and the material evidence and information.

(3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.

(4) Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—

(A) proceed with the action, in which case the action shall be conducted by the Government; or

(B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.

(5) When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action.

(c) RIGHTS OF THE PARTIES TO QUI TAM ACTIONS.—(1) If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action. Such person shall have the right to continue as a party to the action, subject to the limitations set forth in paragraph (2).

(2)(A) The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

(B) The Government may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. Upon a showing of good cause, such hearing may be held in camera.

(C) Upon a showing by the Government that unrestricted participation during the course of the litigation by the person initiating the action would interfere with or unduly delay the Government's prosecution of the case, or would be repetitious, irrelevant, or for purposes of harassment, the court may, in its discretion, impose limitations on the person's participation, such as—

(i) limiting the number of witnesses the person may call;

(ii) limiting the length of the testimony of such witnesses;

(iii) limiting the person's cross-examination of witnesses; or

(iv) otherwise limiting the participation by the person in the litigation.

(D) Upon a showing by the defendant that unrestricted participation during the course of the litigation by the person initiating the action would be for purposes of harassment or would cause the defendant undue burden or unnecessary expense, the court may limit the participation by the person in the litigation.

(3) If the Government elects not to proceed with the action, the person who initiated the action shall have the right to conduct the action. If the Government so requests, it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at the Government's expense). When a person proceeds with the action, the court, without limiting the status and rights of the person initiating the action, may nevertheless permit the Government to intervene at a later date upon a showing of good cause.

(4) Whether or not the Government proceeds with the action, upon a showing by the Government that certain actions of discovery by the person initiating the action would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts, the court may stay such discovery for a period of not more than 60 days. Such a showing shall be conducted in camera. The court may extend the 60-day period upon a further showing in camera that the Government has pursued the criminal or civil investigation or proceedings with reasonable diligence and any proposed discovery in the civil action will interfere with the ongoing criminal or civil investigation or proceedings.

(5) Notwithstanding subsection (b), the Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty. If any such alternate remedy is pursued in another proceeding, the person initiating the action shall have the same rights in such proceeding as such person would have had if the action had continued under this section. Any finding of fact or conclusion of law made in such other proceeding that has become final shall be conclusive on all parties to an action under this section. For purposes of the preceding sentence, a finding or conclusion is final if it has been finally determined on appeal to the appropriate court of the United States, if all time for filing such an appeal with respect to the finding or conclusion has expired, or if the finding or conclusion is not subject to judicial review.

(d) AWARD TO QUI TAM PLAINTIFF.—(1) If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action. Where the action is one which the court finds to be based primarily on disclosures of specific information (other than information provided by the person bringing the action) relating to allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government[1] Accounting Office report, hearing, audit, or investigation, or from the news

---

[1] So in original. Probably should be "General".

media, the court may award such sums as it considers appropriate, but in no case more than 10 percent of the proceeds, taking into account the significance of the information and the role of the person bringing the action in advancing the case to litigation. Any payment to a person under the first or second sentence of this paragraph shall be made from the proceeds. Any such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

(2) If the Government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages. The amount shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds. Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.

(3) Whether or not the Government proceeds with the action, if the court finds that the action was brought by a person who planned and initiated the violation of section 3729 upon which the action was brought, then the court may, to the extent the court considers appropriate, reduce the share of the proceeds of the action which the person would otherwise receive under paragraph (1) or (2) of this subsection, taking into account the role of that person in advancing the case to litigation and any relevant circumstances pertaining to the violation. If the person bringing the action is convicted of criminal conduct arising from his or her role in the violation of section 3729, that person shall be dismissed from the civil action and shall not receive any share of the proceeds of the action. Such dismissal shall not prejudice the right of the United States to continue the action, represented by the Department of Justice.

(4) If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

(e) CERTAIN ACTIONS BARRED.—(1) No court shall have jurisdiction over an action brought by a former or present member of the armed forces under subsection (b) of this section against a member of the armed forces arising out of such person's service in the armed forces.

(2)(A) No court shall have jurisdiction over an action brought under subsection (b) against a Member of Congress, a member of the judiciary, or a senior executive branch official if the action is based on evidence or information known to the Government when the action was brought.

(B) For purposes of this paragraph, "senior executive branch official" means any officer or employee listed in paragraphs (1) through (8) of section 101(f) of the Ethics in Government Act of 1978 (5 U.S.C. App.).

(3) In no event may a person bring an action under subsection (b) which is based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.

(4)(A) The court shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—

(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party;

(ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or

(iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

(B) For purposes of this paragraph, "original source" means an individual who either (i) prior to a public disclosure under subsection (e)(4)(a), has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions, and who has voluntarily provided the information to the Government before filing an action under this section.

(f) GOVERNMENT NOT LIABLE FOR CERTAIN EXPENSES.—The Government is not liable for expenses which a person incurs in bringing an action under this section.

(g) FEES AND EXPENSES TO PREVAILING DEFENDANT.—In civil actions brought under this section by the United States, the provisions of section 2412(d) of title 28 shall apply.

(h) RELIEF FROM RETALIATORY ACTIONS.—

(1) IN GENERAL.—Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

(2) RELIEF.—Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

(3) LIMITATION ON BRINGING CIVIL ACTION.—A civil action under this subsection may not be brought more than 3 years after the date when the retaliation occurred.

(Pub. L. 97–258, Sept. 13, 1982, 96 Stat. 978; Pub. L. 99–562, §§ 3, 4, Oct. 27, 1986, 100 Stat. 3154, 3157; Pub. L. 100–700, § 9, Nov. 19, 1988, 102 Stat. 4638; Pub. L. 101–280, § 10(a), May 4, 1990, 104 Stat. 162; Pub. L. 103–272, § 4(f)(1)(P), July 5, 1994, 108 Stat. 1362; Pub. L. 111–21, § 4(d), May 20, 2009, 123 Stat. 1624; Pub. L. 111–148, title X, § 10104(j)(2), Mar. 23, 2010, 124 Stat. 901; Pub. L. 111–203, title X, § 1079A(c), July 21, 2010, 124 Stat. 2079.)

HISTORICAL AND REVISION NOTES

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 3730(a) | 31:233. | R.S. § 3492. R.S. § 3491(A)–(E); restated Dec. 23, 1943, ch. 377, § 1, 57 Stat. 608; June 11, 1960, Pub. L. 86–507, § 1(28), (29), 74 Stat. 202. |
| 3730(b)(1) | 31:232(A), (B)(less words between 3d and 4th commas). | |
| 3730(b)(2) | 31:232(C)(1st–3d sentences, 5th sentence proviso). | |
| 3730(b)(3) | 31:232(C)(4th sentence, 5th sentence less proviso). | |
| 3730(b)(4) | 31:232(C)(last sentence), (D). | |
| 3730(c)(1) | 31:232(E)(1). | |
| 3730(c)(2) | 31:232(E)(2)(less proviso). | |
| 3730(d) | 31:232(B)(words between 3d and 4th commas), (E)(2)(proviso). | |

In the section, the words "civil action" are substituted for "suit" for consistency in the revised title and with other titles of the United States Code.

In subsection (a), the words "Attorney General" are substituted for "several district attorneys of the United States [subsequently changed to 'United States attorneys' because of section 1 of the Act of June 25, 1948 (ch. 646, 62 Stat. 909)] for the respective districts, for the District of Columbia, and for the several Territories" because of 28:509. The words "by persons liable to such suit" are omitted as surplus. The words "and found within their respective districts or Territories" are omitted because of the restatement. The words "If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person" are substituted for "and to cause them to be proceeded against in due form of law for the recovery of such forfeiture and damages" for clarity and consistency. The words "as the district judge may order" are omitted as surplus. The words "of the Attorney General" are substituted for "the person bringing the suit" for consistency in the section.

In subsection (b)(1), the words "Except as hereinafter provided" are omitted as unnecessary. The words "for a violation of section 3729 of this title" are added because of the restatement. The words "and carried on", "several" and "full power and" are omitted as surplus. The words "of the action" are substituted for "to hear, try, and determine such suit" to eliminate unnecessary words. The words "Trial is in the judicial district within whose jurisdictional limits the person charged with a violation is found or the violation occurs" are substituted for "within whose jurisdictional limits the person doing or committing such act shall be found, shall wheresoever such act may have been done or committed" for consistency in the revised title and with other titles of the Code. The words "withdrawn or" and "judge of the" are omitted as surplus. The words "Attorney General" are substituted for "district attorney [subsequently changed to 'United States attorneys' because of section 1 of the Act of June 25, 1948 (ch. 646, 62 Stat. 909)], first filed in the case" because of 28:509.

In subsection (b)(2), before clause (A), the words "bill of", "Whenever any such suit shall be brought by any person under clause (B) of this section" and "to the effective prosecution of such suit or" are omitted as surplus. The words "served on the Government under rule 4 of the Federal Rules of Civil Procedure (28 App. U.S.C.)" are substituted for "notice . . . shall be given to the United States by serving upon the United States Attorney for the district in which such suit shall have been brought . . . and by sending, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia" because of 28:509 and to eliminate unnecessary words. The words "proceed with the action" are added for clarity. Clause (A) is substituted for "shall fail, or decline in writing to the court, during said period of sixty days to enter any such suit" for clarity and consistency. In clause (B), the words "a period of" and "therein" are omitted as surplus.

In subsection (b)(3), the words "within said period" are omitted as surplus. The words "proceeds with the action" are substituted for "shall enter appearance in such suit" for consistency. The words "In carrying on such suit" and "and may proceed in all respects as if it were instituting the suit" are omitted as surplus.

In subsection (b)(4), the words "Unless the Government proceeds with the action" are added because of the restatement. The words "shall dismiss an action brought by the person on discovering" are substituted for "shall have no jurisdiction to proceed with any such suit . . . or pending suit . . . whenever it shall be made to appear that" to eliminate unnecessary words. The words "or any agency, officer, or employee thereof" are omitted as unnecessary. The text of 31:232(C)(last sentence proviso) and (D) is omitted as executed.

In subsection (c), the words "herein provided", "fair and . . . compensation to such person", and "involved therein, which shall be collected" are omitted as surplus.

In subsection (c)(2), the words "whether heretofore or hereafter brought" are omitted as unnecessary. The words "bringing the action or settling the claim" are substituted for "who brought such suit and prosecuted it to final judgment, or to settlement" for clarity and consistency. The words "as provided in clause (B) of this section" are omitted as unnecessary. The words "the civil penalty" are substituted for "forfeiture" for clarity and consistency. The words "to his own use", "the court may", and "to be allowed and taxed according to any provision of law or rule of court in force, or that shall be in force in suits between private parties in said court" are omitted as surplus.

Subsection (d) is substituted for 31:232(B)(words between 3d and 4th commas) and (E)(2)(proviso) to eliminate unnecessary words.

REFERENCES IN TEXT

The Federal Rules of Civil Procedure, referred to in subsec. (b)(2), (3), are set out in the Appendix to Title 28, Judiciary and Judicial Procedure.

Section 101(f) of the Ethics in Government Act of 1978, referred to in subsec. (e)(2)(B), is section 101(f) of Pub. L. 95–521, title I, Oct. 26, 1978, 92 Stat. 1824, which was set out in the Appendix to Title 5, Government Organization and Employees.

AMENDMENTS

2010—Subsec. (e)(4). Pub. L. 111–148 added par. (4) and struck out former par. (4) which read as follows:

"(4)(A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

"(B) For purposes of this paragraph, 'original source' means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information."

Subsec. (h)(1). Pub. L. 111–203, §1079A(c)(1), substituted "agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter" for "or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter".

Subsec. (h)(3). Pub. L. 111–203, §1079A(c)(2), added par. (3).

2009—Subsec. (h). Pub. L. 111–21 amended subsec. (h) generally. Prior to amendment, subsec. (h) read as follows: "Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection."

1994—Subsec. (e)(2)(B). Pub. L. 103–272 substituted "paragraphs (1) through (8)" for "section paragraphs (1) through (8)".

1990—Subsec. (e)(2)(B). Pub. L. 101–280 substituted "paragraphs (1) through (8) of section 101(f)" for "201(f)".

1988—Subsec. (c)(4). Pub. L. 100–700, §9(b)(1), which directed amendment of section 3730 of title 28 by substituting "with the action" for "with action" in subsec. (c)(4), was executed to subsec. (c)(4) of this section as the probable intent of Congress.

Subsec. (d)(3). Pub. L. 100–700, §9(a)(1), (2), added par. (3). Former par. (3) redesignated (4).

Subsec. (d)(4). Pub. L. 100–700, §9(b)(2), which directed amendment of section 3730 of title 28 by substituting "claim of the person bringing the action" for "claim of the person bringing the actions" in subsec. (d)(4), was executed to subsec. (d)(4) of this section as the probable intent of Congress.

Pub. L. 100–700, §9(a)(1), redesignated former par. (3) as (4).

1986—Pub. L. 99–562, §3, amended section generally, revising and expanding provisions of subsecs. (a) to (c), adding subsecs. (d) and (e), redesignating former subsec. (d) as (f), and adding subsec. (g).

Subsec. (h). Pub. L. 99–562, §4, added subsec. (h).

EFFECTIVE DATE OF 2010 AMENDMENT

Amendment by Pub. L. 111–203 effective 1 day after July 21, 2010, except as otherwise provided, see section 4 of Pub. L. 111–203, set out as an Effective Date note under section 5301 of Title 12, Banks and Banking.

EFFECTIVE DATE OF 2009 AMENDMENT

Amendment by Pub. L. 111–21 effective May 20, 2009, and applicable to conduct on or after May 20, 2009, see section 4(f) of Pub. L. 111–21, set out as a note under section 3729 of this title.

EFFECTIVE DATE OF 1990 AMENDMENT

Section 10(c) of Pub. L. 101–280 provided that: "The amendments made by subsections (a) and (b) [amending this section and section 2397a of Title 10, Armed Forces] shall take effect on January 1, 1991."

§3731. False claims procedure

(a) A subpena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States.

(b) A civil action under section 3730 may not be brought—

(1) more than 6 years after the date on which the violation of section 3729 is committed, or

(2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

(c) If the Government elects to intervene and proceed with an action brought under 3730(b),[1] the Government may file its own complaint or amend the complaint of a person who has brought an action under section 3730(b) to clarify or add detail to the claims in which the Government is intervening and to add any additional claims with respect to which the Government contends it is entitled to relief. For statute of limitations purposes, any such Government pleading shall relate back to the filing date of the complaint of the person who originally brought the action, to the extent that the claim of the Government arises out of the conduct, transactions, or occurrences set forth, or attempted to be set forth, in the prior complaint of that person.

(d) In any action brought under section 3730, the United States shall be required to prove all essential elements of the cause of action, including damages, by a preponderance of the evidence.

(e) Notwithstanding any other provision of law, the Federal Rules of Criminal Procedure, or the Federal Rules of Evidence, a final judgment rendered in favor of the United States in any criminal proceeding charging fraud or false statements, whether upon a verdict after trial or upon a plea of guilty or nolo contendere, shall estop the defendant from denying the essential elements of the offense in any action which involves the same transaction as in the criminal proceeding and which is brought under subsection (a) or (b) of section 3730.

(Pub. L. 97–258, Sept. 13, 1982, 96 Stat. 979; Pub. L. 99–562, §5, Oct. 27, 1986, 100 Stat. 3158; Pub. L. 111–21, §4(b), May 20, 2009, 123 Stat. 1623.)

HISTORICAL AND REVISION NOTES

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 3731(a) | 31:232(F). | R.S. §3491(F); added Nov. 2, 1978, Pub. L. 95–582, §1, 92 Stat. 2479. |
| 3731(b) | 31:235. | R.S. §3494. |

In subsection (b), the words "A civil action under section 3730 of this title" are substituted for "Every such suit" for clarity.

REFERENCES IN TEXT

The Federal Rules of Criminal Procedure, referred to in subsec. (e), are set out in the Appendix to Title 18, Crimes and Criminal Procedure.

---

[1] So in original. Probably should be preceded by "section".